J. Paul Kolodziej, Esq. City Attorney, Gloversville
You have asked whether a city is authorized to enact a local law requiring that appointive city officers reside within the county in which the city is located.
Section 3(1) of the Public Officers Law provides that to be eligible for a local office a person must be a resident of the political subdivision or municipal corporation of the State for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised. Thus, an appointed city officer is required to be a resident of the city at the time of his appointment and during his tenure in office. (id., §§ 3[1] and 30[1][d]).
In our view, however, a city may enact a local law establishing the county as the residency requirement for appointive city offices. Local governments are authorized to adopt and amend local laws, consistent with the Constitution and general laws, in relation to the qualifications of their officers and employees (NY Const, Art IX, § 2[c][1]; Municipal Home Rule Law, § 10[1][ii][a][1]). Residency requirements are "qualifications" within the meaning of these provisions (1983 Op Atty Gen [Inf] 116). A general law is a State statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]). The Legislature has amended section 3
of the Public Officers Law to establish a special residency requirement for appointive public officers in the City of Troy (§ 3[12]). Under this provision, appointive officers in that city, with the exception of the city manager, may reside within the county in which the city is located (ibid.). This exception for the City of Troy has rendered section3 of the Public Officers Law, in its coverage of appointive officers of a city, a special rather than a general law (Municipal Home Rule Law, § 2[5], [12]). It is a special law because, in establishing residency requirements for appointive public officers in cities, section3 of the Public Officers Law does not in terms and in effect apply alike to all cities of the State. It follows that your city may amend its charter by local law to establish the county as the residency requirement for the city clerk and other appointive city offices.
We conclude that a city may enact a local law requiring that appointive city officers reside in the county in which the city is located.